IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JAMES FITZGERALD and JEREMY BOROWSKI,

    Plaintiffs,

vs.

THE UNITED STATES,

    Defendant.

_____/

CASE NO.: 23-202 C

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JAMES FITZGERALD and JEREMY BOROWSKI, by and through undersigned counsel, bring suit against Defendant, the United States of America, to redress actions and omissions taken by Defendant in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

### INTRODUCTION

1. As set forth more fully herein, Plaintiffs worked for Defendant within the last three (3) years as non-exempt Nursing Supervisors. During the applicable time period, Defendant was required to compensate Plaintiffs time-and-one-half of their regular rate of pay ("overtime") when they work for more than eight (8) hours in a workday or forty (40) hours in a work week. However, Defendant failed to pay all required overtime compensation due by placing Plaintiffs on an Alternate Work Schedule ("AWS") without their express written consent, contrary to the express terms of the collective bargaining agreement that governed their employment. Then in

1

retaliation of Plaintiffs' complaints that they were due unpaid overtime, Defendant changed Plaintiffs' position description so that they would not be covered by the union and the union's collective bargaining agreement provision that requires Defendant to pay overtime for hours worked over 8 in a day or forty in a workweek unless given express written consent to work an AWS. As a result, Plaintiffs have been deprived of complete and proper overtime compensation for all overtime hours worked during the relevant time period.

## PARTIES

2. Plaintiff, James Fitzgerald, is an individual residing in Fort Bragg, North Carolina.

3. During the relevant time period, Plaintiff Fitzgerald worked and continues to work for Defendant as an hourly paid, non-exempt Nursing Supervisor at the Womack Army Medical Center located in Fort Bragg, North Carolina, under the direction of the Defense Health Agency.

4. Plaintiff, Jeremy Borowski, is an individual residing in Lillington, North Carolina.

5. During the relevant time period, Plaintiff Borowski worked for Defendant as an hourly paid, non-exempt Nursing Supervisor at the Womack Army Medical Center located in Fort Bragg, North Carolina, under the direction of the Defense Health Agency.

6. Defendant, the United States of America, has acted principally through the Defense Health Agency ("DHA"), an Agency of the United States Department of Defense. At all relevant times, the agents, officers, and representatives of the United States who

took the actions at issue were duly authorized by the United States to take those actions and thus Defendant is responsible for the actions described in this Complaint.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201-19.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1491.

## FLSA COVERAGE

9. At all material times, Defendant has been an "employer" within the meaning of 29 U.S.C. § 203(d).

10. At all material times, Plaintiffs were "employees" as defined by 29 U.S.C. § 203(e).

## WAGE VIOLATIONS

11. Defendant has violated the FLSA and Title V by failing to pay Plaintiffs time and one-half of their regular rate of pay for all hours worked in excess of 8 hours per workday or 40 hours in a work week.

12. Specifically, during the three-year period preceding this Complaint, Plaintiffs worked as Nursing Supervisors at the Army Womack Medical Center in Fort Bragg, NC.

13. Plaintiff, Fitzgerald, has worked for Defendant from approximately December 18, 2018 to present.

14. Plaintiff, Fitzgerald was/is an hourly-paid, non-exempt, employee during at least the last three years.

15. Plaintiff, Borowski, worked for Defendant from on and off from approximately July 2011 to present.

16. Plaintiff, Borowski worked as an hourly-paid, non-exempt employee during one or more work weeks during the last three years.

17. As hourly-paid, non-exempt employees, Plaintiffs are entitled to overtime compensation paid at time-and-one-half of their regular rate of pay for all hours worked in excess of 8 hours per workday or 40 hours in a work week. *See* 5 C.F.R. § 551.501(a).

18. During the applicable time period, the collective bargaining agreement governing Plaintiffs' employment explicitly entitled Plaintiffs to overtime pay for hours worked over 8 in a workday or 40 in a workweek, unless they provided express written consent to work pursuant to an "Alternate Work Schedule" or "AWS."

19. Despite such provision, Defendant required Plaintiffs to work 12-hour shifts and did not count the additional time worked over 8 hours in a workday as overtime hours worked.

20. Plaintiff Fitzgerald did not provide Defendant with the requisite express written consent to work an AWS.

21. Plaintiff Borowski did not provide Defendant with the requisite express written consent to work an AWS.

22. Plaintiff Fitzgerald complained to Defendant regarding his unpaid overtime pay.

23. Plaintiff Borowski complained to Defendant regarding his unpaid overtime pay.

4

24. In retaliation of Plaintiffs' complaints that they were due unpaid overtime, Defendant changed Plaintiffs' position description so that they would not be covered by the union and the union's collective bargaining agreement provision that requires Defendant to pay overtime for hours worked over 8 in a day or 40 in a workweek unless given express written consent to work an AWS.

25. Accordingly, Plaintiffs have been deprived of complete and proper overtime compensation due as a result of Defendant's improper use of an AWS and subsequent retaliation.

26. In light of the foregoing, at all times relevant to this action, Defendant failed to comply with the FLSA because Defendant failed to properly pay Plaintiffs for all overtime hours worked at the correct rates of pay.

27. Defendant's actions were knowing, willful, or in reckless disregard to its obligations under the FLSA.

28. Plaintiffs have retained the services of the undersigned law firm and is obligated to pay the firm a reasonable fee if this claim is successful.

29. Prior to filing the instant Complaint, the undersigned law firm sent a letter to Defendant on behalf of Plaintiff Fitzgerald, but Defendant has failed to respond to same.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

30. Plaintiffs incorporate by reference paragraphs 1-29 as though fully and completely set forth herein.

31. Plaintiffs are/were entitled to be paid overtime compensation at time and one-half of their regular rate of pay for all hours worked over 8 hours in a workday or 40 hours in a work week.

32. During Plaintiffs' employment, Defendant failed to pay Plaintiffs time-and-a-half rate for all hours in excess of 8 hours in a workday and 40 hours in a work week as a result of its improper application of an AWS.

33. Defendant thereafter retaliated against Plaintiffs in violation of 29 U.S.C. § 215(a)(3) for complaining about unpaid overtime compensation by changing their Position Descriptions so that they would not be covered by the union and the union's collective bargaining agreement that requires overtime to be paid for all hours worked over 8 in a day or 40 in a workweek unless given express written consent to work an AWS.

34. Defendant knowingly, willfully, or with reckless disregard carried out its illegal practice of failing to pay overtime compensation correctly to Plaintiffs.

35. Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

36. Accordingly, Plaintiffs bring this cause of action under section 216(b) of the FLSA, which allows them to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

37. Plaintiffs contend that Defendant's conduct in violating the FLSA is willful. Accordingly, Plaintiffs seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

38. As a result of Defendant's willful violation, Plaintiffs are entitled to liquidated damages.

39. Pursuant to the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(i), Plaintiffs are entitled to "an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period."

40. Pursuant to the Back Pay Act, 5 U.S.C. § 5596(b)(2), Plaintiffs are entitled to recover interest, compounded daily, on their back pay damages for a defendant's failure to pay them overtime compensation.

41. Plaintiffs also seek to recover their reasonable attorneys' fees and costs under 29 U.S.C. § 216(b) and 5 U.S.C. § 5596(b)(1)(A)(ii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury on all issues triable.

Date: February 13, 2023

Respectfully submitted by:

MORGAN & MORGAN, P.A.

C. Ryan Morgan, Esq.
FBN 0015527
20 N. Orange Ave., 15th Floor
Orlando, FL 32801
Telephone:  (407) 420-1414
Facsimile:  (407) 245-3401
Email: rmorgan@forthepeople.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**